UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SHANNAH LAUMEISTER STERN, *as Co-Trustee of the Marital Trust under Article Four of the Bert Stern 2010 Trust dated September 14, 2010* | | |
| Plaintiff, | | |
| -v- | | 26 Civ. 1410 (JPC) |
| HERITAGE AUCTIONEERS & GALLERIES, INC., | | <u>OPINION AND ORDER</u> |
| Defendant. | | |

JOHN P. CRONAN, United States District Judge:

On June 24, 2026, Plaintiff requested from Defendants in discovery the production of the identity of each person who received or purchased the catalog which contained allegedly unauthorized reproductions of the photographs of Marilyn Monroe at issue in this case and unauthorized use of Plaintiff's trademarks. *See* Dkt. 32 ("Pl. Ltr.") at 1. Defendant responded on July 24, 2026, by appearing to produce lists of such individuals, but redacting their identities and contact information. *See id.* On August 4, 2026, Plaintiff sent a letter to Defendant maintaining that these redactions rendered the production deficient. *See id.* at 2. The parties then conferred via video conference regarding the letter on August 6 and August 8, 2026, but were unable to resolve the dispute. *See id.* On August 26, 2026, Plaintiff moved to compel production of the unredacted versions of the lists. Dkt. 32. Defendant opposed Plaintiff's motion five days later. Dkt. 35 ("Deft. Ltr."). For reasons that follow, Plaintiff's motion to compel is granted.

Under Federal Rule of Civil Procedure 26(b)(1), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "In federal actions, discovery should be broad, and

all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be discoverable." *Stollman v. Williams*, No. 20 Civ. 8937 (JPC), 2022 WL 1772552, at *4 (S.D.N.Y. June 1, 2022) (citation omitted). But while "relevance, for purposes of discovery, is an extremely broad concept," it is "not unlimited." *Brunckhorst v. Bischoff*, No. 21 Civ. 4362 (JPC), 2023 WL 3090950, at *3 (S.D.N.Y. Apr. 26, 2023) (internal quotation marks omitted). And even when discovery is relevant, courts should still "consider[] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). A court thus "has the discretion to deny discovery requests if it determines that the burden or expense of the proposed discovery outweighs its likely benefit." *Lockton Partners, LLC v. Stone Point Cap. LLC*, No. 25 Misc. 102 (JPC), 2025 WL 1699254, at *2 (S.D.N.Y. May 29, 2025) (internal quotation marks omitted); *see also GMO Gamecenter USA, Inc. v. Whinstone US, Inc.*, No. 22 Civ. 5974 (JPC), 2024 WL 4815671, at *4 (S.D.N.Y. Nov. 18, 2024) ("[C]ourts are encouraged to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." (internal quotation marks omitted)).

Plaintiff argues, and the Court agrees, that the redacted information is reasonably calculated to lead to evidence of actual confusion, which is relevant to her trademark claims. Pl. Ltr. at 2-3.[1] Plaintiff hopes to contact recipients of the catalog to determine whether they believed that Plaintiff or the Bert Stern 2010 Trust was associated with the auction or whether they were confused about the catalog being affiliated with Plaintiff or Bert Stern. *Id.* Actual confusion is a relevant

[1] Because the Court concludes that the sought information should be produced on this basis, the Court need not reach Plaintiff's alternative argument that the redacted information would also be relevant "to the validity and scope of Defendant's fair use defense." Pl. Ltr. at 3.

consideration in the analysis of the likelihood of confusion for a trademark infringement claim. *See, e.g.*, *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961).

Defendant resists this conclusion by arguing that the information is neither relevant nor proportionate to the needs of the case. It argues that the unredacted information is a "fishing expedition" "to dig through highly sensitive information of . . . over 2,600 nonparty individuals." Deft. Letter at 2. In support of its contention, Defendant cites *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978), where the Supreme Court held that the names and addresses of class members, which were sought for the purpose of providing notice under Federal Rule of Civil Procedure 23(c)(2), were not discoverable under Rule 26(b)(1) because they lacked relevance to the subject matter of the action. The Court disagrees. As noted, information from the catalog recipients may help establish actual confusion, which bears directly on the merits of claims in this case. Defendant further argues that only 76 of the 2,663 recipients purchased the catalog, such that the results of such discovery would be "anecdotal and de minimis." Deft. Ltr. at 3. We agree with Plaintiff that the volume of materials to be produced is reasonably calculated to lead to relevant evidence and is not incidental. *See* Pl. Ltr. at 3 n.4.

Defendant further argues that the requested information is disproportionate to the needs of the case on the grounds that it is "proprietary trade secret information," that contacting Heritage's customers "would be highly detrimental to Heritage's relationship with those customers and its reputation in general," and that the information also implicates "the individuals' privacy rights." Deft. Ltr. at 3. In support, Defendant cites *Micro Motion, Inc. v. Kane Steel Co, Inc.*, 894 F.2d 1318 (Fed. Cir. 1990), where the Federal Circuit observed that "[c]onfidential commercial information warrants special protection under Rule 26(c)(7)," *id.* at 1332. *See* Deft. Ltr. at 3 (citing *Micro Motion* to contend that "[c]ourts have refused to release contact lists where the foreseeable consequence is intrusive contact with the listed individuals"). But the federal rule cited in *Micro*

*Motion*, now housed at Federal Rule of Civil Procedure 26(c)(1)(G), concerned protective orders. The protective order that the Court has entered, Dkt. 30, which restricts the use and dissemination of customer information, alleviates the privacy issues Defendant raises and further addresses any disproportionality concerns.

Accordingly, the Court grants Plaintiff's request. Within one week, Defendant shall produce unredacted versions of documents bearing Bates Stamps DEF000382 through DEF000455. The Clerk of Court is respectfully directed to close Docket Number 32.

SO ORDERED.

Dated: September 2, 2026
New York, New York

JOHN P. CRONAN
United States District Judge